**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50081 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00957-ODW |
| v. | |
| SAUL OCHOA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, II, District Judge, Presiding

Submitted November 19, 2013[**]

Before:    CANBY, TROTT, and THOMAS, Circuit Judges.

Saul Ochoa appeals from the district court's judgment and challenges the 18-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Ochoa contends that the district court procedurally erred by failing to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

consider his mitigating arguments and to explain the sentence. He also argues that the district court erroneously believed that a consecutive sentence was mandated. Ochoa further contends that the district court relied on improper information at sentencing. The parties dispute the standard of review that applies to Ochoa's claims. We need not resolve this dispute because even on de novo review, Ochoa's claims fail.

The record reflects that the court took Ochoa's argument into consideration and adequately explained the sentence. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc). The record further reflects that the district court appreciated its discretion under U.S.S.G. § 7B1.4 to impose a concurrent sentence, but determined that, in light of Ochoa's repeated non-compliance, a consecutive sentence was warranted. Finally, the record does not support Ochoa's assertion that the court imposed the sentence on the basis of its speculation regarding Ochoa's history of drunk driving. *See Carty*, 520 F.3d at 992. The sentence is substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**

13-50081